UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David KEZERASHVILI<br>123a Old Church Street<br>London, United Kingdom SW3 6EA<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>　　　　Defendants. | Civil No.: 1:24-cv-00473<br><br><br><br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

This is an action under the Freedom of Information Act ("FOIA") pursuant to 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff, Mr. David Kezerashvili ("Plaintiff" or "Mr. Kezerashvili") by Defendant, U.S. Department of State ("Defendant" or "DOS"). Plaintiff submitted a FOIA request to Defendant on October 23, 2023 for records concerning his immigration history. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under 5 U.S.C. § 552.

## JURISDICTION

1.　　　　This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.　　　　Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

3.　　　　Plaintiff, David Kezerashvili, submitted a FOIA request to DOS through his

lawyers on October 23, 2023. He currently resides in London, United Kingdom. Plaintiff is the requester of the records being improperly withheld by the Defendant.

4. Defendant DOS is an agency of the Executive Branch of the United States government. DOS is an agency within the definition of 5 U.S.C. § 552(f)(1). DOS has possession and control of the records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Plaintiff's attorneys submitted an inadmissibility waiver request to the U.S. embassy in Nicosia, Cyprus on April 4, 2023, where he had a B-2 visa application pending.

6. On July 18, 2023, the U.S. embassy in Nicosia, Cyprus denied the B-2 visa application, citing an ineligibility determination entered by United States Customs and Border Protection ("CBP") on May 1, 2023 under INA § 212(a)(2)(I).

7. On October 23, 2023, Plaintiff, through his attorneys, filed a FOIA request with DOS through the agency's electronic Public Access Link portal for records relating to his immigration history.

8. The FOIA request specifically sought copies of all documents, statements, related material (electronic and physical) and/or derogatory information associated with the ineligibility determination made by CBP on May 1, 2023, which was relied upon when denying Mr. Kezerashvili's B-2 visa application.

9. The FOIA request sought to search all records from January 1, 2023 to present.

10. On January 18, 2024, Defendant sent an email acknowledging receipt of the FOIA request submitted on behalf of Plaintiff. The email also noted that the request was assigned the reference number, F-2024-01004, and placed "in the complex processing track where it will be processed as quickly as possible."

11. The current status of the FOIA request is noted as "Assigned for Processing," with an estimated delivery date of December 7, 2023.

12. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to make an

"initial determination" with regards to Plaintiff's FOIA request within twenty (20) working days as of the date of receipt of the FOIA.

14. Per this requirement, Defendant needed to provide an initial determination no later than November 22, 2023.

14. Under 5 U.S.C. § 552(a)(6)(A)(i)(II), Defendant was also required to inform Plaintiff of the right to seek assistance from the FOIA Public Liaison.

15. Per 5 U.S.C. § 552(a)(6)(B)(i), if there are "unusual circumstances," as defined by statute, an agency may extend the permitted time to make its determination by no more than ten (10) additional working days.

16. Defendant has not informed Plaintiff of the right to seek assistance from the FOIA Public Liaison or the applicability of unusual circumstances regarding the FOIA request.

17. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), an individual who submitted a FOIA request is deemed to have exhausted all administrative remedies if the agency fails to comply with the applicable time limit provisions.

18. Per 5 U.S.C. § 552(a)(6)(C)(i), additional time may be granted if the Government can evidence "exceptional circumstances" relating to the delay and that "due diligence" is being exercised to respond to the request.

19. Pursuant to 5 U.S.C. § 552(a)(6)(C)(ii), however, "exceptional circumstances" in this instance "does not include a delay that results from a predictable agency workload of requests under this section[.]"

20. As of this date, DOS has failed to respond to Plaintiff's request and has not produced any responsive agency records to Plaintiff. Defendant has also not indicated whether or when any responsive records would be produced, other than a statement that the FOIA request would be "processed as quickly as possible."

## CAUSES OF ACTION

### COUNT 1
### Violation of 5 U.S.C. § 552 for Failure to Respond Within the Time Required

21. Pursuant to 5 U.S.C. § 552, Defendant was required to respond to Plaintiff's FOIA request and notify Plaintiff of the agency's determination within twenty (20) working days after receiving the request. 5 U.S.C. § 552(a)(6)(A).

22. Defendant's failure to make the requisite determination and communicate it to Plaintiff within the required timeframe violates the statute. 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT TWO
### Violation of 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

23. Defendant has violated its obligation by failing to make a reasonable effort to search for records responsive to Plaintiff's FOIA request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE
### Violation of 5 U.S.C. § 552 for Wrongful Withholding of Records

24. Defendant is wrongfully withholding agency records by failing to produce and/or segregate and produce non-exempt records responsive to Plaintiff's FOIA request. 5 U.S.C. § 552(a)(3)(A), (8)(A)(ii)(II).

25. Defendant is obligated to promptly produce records responsive to Plaintiff's FOIA request. 5 U.S.C. § 552(a)(3)(A).

26. Plaintiff has a legal right to obtain such records and no legal basis exists for Defendant's failure to disclose them.

27. Defendant's failure to disclose all responsive records violates its statutory obligation to make requested records promptly available to the public. 5 U.S.C. § 552(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

28. Assume and maintain jurisdiction over this action until Defendant complies with the FOIA requirement and every order of this court;

29. Order Defendant to expeditiously conduct an adequate search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it utilized search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

30. Order Defendant to produce, by a certain date, any and all non-exempt

records responsive to Plaintiff's FOIA request;

31. Enjoin Defendant from improperly withholding any and all non-exempt records responsive to Plaintiff's FOIA request;

32. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonable incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

33. Grant other such relief as the Court deems just, equitable and appropriate.

Dated: February 20, 2024

Respectfully submitted,

*/s/Eric S. Bord*
Attorney for Plaintiff
Eric S. Bord
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, D.C. 20004-2541
Telephone: (202) 739-6040
Facsimile: (202) 739-3001
eric.bord@morganlewis.com