UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KEZERASHVILI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF STATE,<br><br>　　　　　　Defendant. | Civil Action No. 24-473 (TSC) |

## **ANSWER**

Defendant Department of State ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) in this case filed by Plaintiff David Kezerashvili ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.  Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Defendant responds to the Complaint in like numbered paragraphs as follows:

## JURISDICTION[1]

1.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## VENUE

2.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

3.      Defendant admits the first sentence in this allegation and lacks knowledge or information sufficient to form a belief as to the truth of the second sentence. The third sentence contains not allegations of fact but rather conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the third sentence of this paragraph.

4.      Defendant admits that it is a federal agency within the meaning of the FOIA.  As to the third sentence of the allegation, Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request.

## STATEMENT OF FACTS

5.      To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is deemed required, Defendant admits that Plaintiff brings this action under FOIA to compel the production of documents that Plaintiff requested from Defendant.

6.      To the extent the allegations of this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      Defendant admits that Plaintiff submitted a FOIA request to Defendant and respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations therein.

8.      Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations therein.

9.      Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations therein.

10.      Defendant admits that it acknowledged receipt of Plaintiff's FOIA request and assigned it reference number F-2024-01004 on January 18, 2024. Defendant respectfully refers the

Court to the correspondence for a complete and accurate statement of its contents and denies any inconsistent allegations therewith.

11.     Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request.

12.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

13.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

14.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

15.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

16.     Denied.

17.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

18.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

19.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

20.     Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request.

## CAUSES OF ACTION
### COUNT 1
**Violation of 5 U.S.C. § 552 for Failure to Respond Withing the Time Required**

21.     The allegations in this paragraph contain legal conclusions, to which no response is required.

22.     The allegations in this paragraph contain legal conclusions, to which no response is required.

### COUNT 2

23.     The allegations in this paragraph contain legal conclusions, to which no response is required.

### COUNT 3

24.     The allegation in this paragraph contains legal conclusions, to which no response is required.

25.     The allegation in this paragraph contains legal conclusions, to which no response is required.

26.     The allegation in this paragraph contains legal conclusions, to which no response is required.

27.     The allegation in this paragraph contains legal conclusions, to which no response is required.

## REQUESTED RELIEF

The remainder of the Complaint at paragraphs 28–33 consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is required, Defendant denies

that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant states the following defenses to the allegations of the Complaint. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

Any relief is limited to records that have been "reasonably described" in Plaintiff's FOIA request.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

### FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

### FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

### SIXTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

***

Dated: May 20, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  /s/ *Tabitha Bartholomew*
TABITHA BARTHOLOMEW
D.C. Bar #1044448
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-2529
Tabitha.Bartholomew@usdoj.gov

7

*Attorneys for the United States of America*